RECEIVED
MAR 22 2021
BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____ DIVISION

WILLIAM GREGORY SPARKS )
[redacted] )
 )
*(Write the full name of the plaintiff in this action.* )
*Include prisoner registration number.)* )
 )
v. JARON RATLIFF )
 )
ELIJAH SCHEEL )
 )
 )
 )
 )
 )
*(Write the full name of each defendant. The caption* )
*must include the names of **all** of the parties.* )
*Fed. R. Civ. P. 10(a). Merely listing one party and* )
*writing "et al." is insufficient. Attach additional* )
*sheets if necessary.)* )

Case No: _____
*(to be assigned by Clerk of District Court)*

Plaintiff Requests Trial by Jury
☒ Yes ☐ No

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the $400.00 filing fee or an application to proceed without prepayment of fees and costs.*

## I. The Parties to this Complaint

### A. The Plaintiff

Name: **WILLIAM GREGORY SPARKS**

Other names you have used: **BILL SPARKS**

Prisoner Registration Number: **#80677**

Current Institution: **Phelps Co. Jail  
500 West 2ND St.  
Rolla, Mo. 65401**

Indicate your prisoner status:

[X] Pretrial detainee  
[ ] Convicted and sentenced state prisoner  
[ ] Civilly committed detainee  
[ ] Convicted and sentenced federal prisoner  
[ ] Immigration detainee  
[ ] Other (explain): ____

### B. The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

**Defendant 1**

Name: **JARON RATLIFF**

Job or Title: **OFFICER**

Badge/Shield Number: **UNKNOWN**

Employer: **CITY OF ROLLA**

Address: **1007 N. ELM ST. ROLLA, MO. 65401**

_____ Individual Capacity         **X** Official Capacity

**Defendant 2**

Name: ELIJAH SCHEEL

Job or Title: OFFICER

Badge/Shield Number: UNKNOWN

Employer: Phelps County Sheriffs Dept.

Address: 500 West 2nd St. Rolla, Mo. 65401

[ ] Individual Capacity    [X] Official Capacity

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

ON SEPTEMBER 28, 2020 AT 9:01 AM I WAS SHOT IN THE BACK BY OFFICER JARON RATLIFF WHILE UNARMED. I SUFFERED A BROKEN CLAVICAL AND TRAUMA TO MY RIGHT SHOULDER. THE SHOOTING HAPPENED IN PHELPS CO. MISSOURI. (SEE PROBABLE CAUSE STATEMENT.) ATTATCHED.

3

# PROBABLE CAUSE STATEMENT
## Phelps County Sheriff Department

Date: 9/28/20   Case Number: PCS202001336

I, Elijah Scheel, knowing that false statements on this form are punishable by law, state as follows:

1. I have probable cause to believe that SPARKS, WILLIAM GREGORY, a White Male, DOB: ▮▮▮▮, SSN: ▮▮▮▮▮▮▮▮▮, OCN: N/A who lives at 101 SYCAMORE ST DONIPHAN, MO 63935, commit one or more of the following criminal offenses:

   **OFFENSE(S)**
   575.100 - TAMPERING WITH PHYSICAL EVIDENCE IN FELONY PROSECUTION
   575.150 - RESISTING/INTERFERING WITH ARREST FOR A FELONY
   565.050 - ASSAULT OR ATTEMPTED - 1ST DEGREE (Aggravated)
   569.170 - BURGLARY - 2ND DEGREE (Trespass)
   569.100 - PROPERTY DAMAGE 1ST DEGREE
   565.054 - ASSAULT - 3RD DEGREE - SPECIAL VICTIM (Aggravated)
   304.012 - CARELESS AND IMPRUDENT DRIVING

2. The following crime(s) happened on or about the 28th day of September, 2020 at North Bishop Avenue in Rolla, Phelps County, Missouri.

3. The facts supporting this belief are as follows:

   On 09-28-2020 at approximately 0832 hours Central Dispatch advised Sgt. John Scott of a burglary in progress occurring at 17302 State Route B, The 3 Squirrels Winery. They provided a description of the male as 6' tall, skinny, with gray hair. The reporting party also provided a vehicle description as a white Ford Fusion displaying Missouri license # JA7-E5N. While enroute to the area of the burglary, I overheard the Missouri State Highway Patrol begin a pursuit with the suspect vehicle near 14th street in Rolla. A few seconds later I heard them disregard, and observed the suspect vehicle cross N. Bishop Avenue and begin traveling on 11th street. I was able to again locate the vehicle at the dead end on N. State Street as it was approaching a Missouri S&T patrol vehicle. The driver then put the vehicle in reverse, as the MS&T officer activated their lights. I then activated my emergency lights and stopped in the roadway. The vehicle began approaching me at a high rate of speed, leading me to believe it was going to strike my patrol vehicle. At no time during this incident did the driver of the vehicle attempt to maneuver his vehicle out of the straight line he was driving towards my patrol vehicle, causing me to maneuver my patrol vehicle out of the path. The next time he changed directions, was to flee onto Miner Circle.

   At that time, I activated my emergency siren and gave chase to the suspect vehicle. As we entered N. Bishop Avenue, the vehicle failed to stop at the stop sign. It then reached speeds of 85mph in a 35mph zone, traveling north in the southbound lane, and failing to yield at 2 red lights. The vehicle then turned onto the interstate at the 186 westbound mile marker and again accelerated rapidly passing a vehicle on the shoulder. We continued westbound from the 186 at speeds of 107mph in a 60mph zone. The vehicle swerved back and forth between the passing and driving lane's several times and entered the passing lane as we approached the 185 exit ramp. The vehicle then locked up its brakes in the passing lane, cut in front of 3 vehicle's nearly causing a traffic crash, and exited onto the off ramp. As we approached the top of the off ramp, the vehicle again locked up its brakes, causing it to go into a sideways slide into the roundabout. The vehicle struck a road sign at this time, breaking the back glass of the suspect vehicle and causing damage to the road sign.

   The vehicle then began traveling east on University drive, nearly striking MSHP Trooper Bellars patrol vehicle. We then turned back onto Interstate 44 eastbound at the 185 mile marker. I continued the chase at speeds of 110mph in a 60 mph zone. As we passed the 186 mile marker the vehicle continued accelerating to speeds between 115mph and 120mph in a 70mph zone. The suspect vehicle then began traveling between the passing lane, driving lane, and shoulder of the roadway, and at one time nearly struck the trailer of an 18 wheeler. As we approached the 189 eastbound mile marker, the vehicle began to pass the exit ramp and then turned sharply onto the off ramp. I continued following the suspect vehicle as we approached Dillon Outer Road, which the vehicle continued onto. We then reached speeds of 112mph in a 55mph zone in the 12000 block of Dillon Outer Road. As we approached the 13000 block of Dillon Outer Road the vehicle slowed and entered the parking area of Dideon Orf. The vehicle accelerated




**Phelps County Sheriff's Department**
Richard L. Lisenbe – Sheriff
500 West Second Street
Rolla, Missouri 65401

Office: (573) 426-3860								Fax: (573) 426-3889

PCS202001336-019 - CD containing recordings of radio traffic							Printed on December 8, 2020

| | |
|---|---|
| **Item #** | PCS202001336-019 |
| **Category** | Evidence |
| **Description** | CD containing recordings of radio traffic |
| **Owner** | |
| **Article Type** | Computer Hardware/Software |
| **Article Subtype** | DVD (Digital Video Disc) |
| **Article Make** | |
| **Article Model** | |
| **Article Color** | |
| **Quantity** | 1 |
| **Serial #** | |
| **Value** | |
| **Collected By** | Scheel, Elijah |
| **Access Tag** | |
| **Date Collected** | 09/30/20 09:30 |
| **Collected Location** | Rolla Police Department |
| **Target Disp. Date** | |
| **Subjects** | |
| **Comments** | |

**Jurisdiction**

**Chain of Custody**

| Date | User | Action | Category | Status | Location |
|---|---|---|---|---|---|
| 10/06/20 12:23 | James Jarrett | Transfer Internally | Evidence | In Custody | MEDIA2020 |
| **Comments:** | | | | | |
| 10/01/20 09:44 | Elijah Scheel | Deposited | Evidence | In Temporary Custody | Temp Locker 1 |
| **Comments:** None | | | | | |

DEFENDANT COPY

Page 1 of 1

through the parking lot, around the building where it nearly struck a civilian vehicle, and continued back onto Dillon Outer Road approaching speeds of 120 mph in a 55mph zone. As we approached County Road 3110, the suspect observed Rolla PD Officers with spike strips in the roadway. The vehicle then entered the parking lot of the Rolla Auto Auction, cut through the grass causing damage to the grass, through the ditch, and back onto Dillon Outer Road. As the suspect vehicle re-entered Dillon Outer Road, it nearly struck Sgt. Scott's patrol vehicle.

At that time, the vehicle turned onto private drive 3145 and again began driving through yards causing damage. It then turned onto County Road 3140 and again began traveling east. The vehicle then entered a private driveway at the end of County Road 3140, causing damage to the driveway when it slid, and continued toward a fence before making a sudden stop. The sudden stop caused Sgt. Scott's patrol vehicle to collide with the suspect vehicle, causing damage to the front passenger side bumper and front passenger side fender. The male subject then exited the vehicle, pointed a black pistol at Sgt. Scott, and fled into a field. As the male fled into the field, I ordered him to stop numerous times identifying myself as Deputy Scheel with the Phelps County Sheriff's Department. The male subject continued to flee across a creek, and I continued to chase him on foot. At that time, Rolla Police Department Officer Jaron Ratliff joined me in the foot pursuit. The male then crossed another fence, approximately 300 yards from County Road 3120. The male then took a shooters stance and brandished an object I believed to be a firearm. Officer Ratliff then fired 1 shot, striking the male in the rear right shoulder causing him to fall down. I then approached the male, and as I was crossing the barbed wire fence my left ring finger was caught on the fencing causing a puncture wound to my hand. The male subject was taken into custody at that time.

After taking the subject into custody, later identified as William G. Sparks, it was confirmed he had an active probation and parole warrant for a probation violation and an active stealing warrant. We were unable to find the firearm he pointed at Sgt. Scott during this incident. A MSHP Trooper later asked William about entering the business on State Route B, William stated he had observed an open door while stopped to urinate roadside and "let himself in" to the business without permission. William also stated while inside the business, he heard a neighbor mowing the grass and became nervous and exited the building. He stated when the neighbor approached him to ask what he was doing, he made up a story about wanting to buy the property in hopes it would stop the neighbor from calling law enforcement when he left. A criminal history check of William later revealed 10 prior convictions for stealing, 3 prior convictions for Assault 3rd degree, 1 prior conviction for assault 2nd degree, 1 prior conviction of distribution of a controlled substance, and 1 prior conviction for resisting arrest.

4. *[For the issuance of a warrant in a misdemeanor case, also complete the following, if appropriate.]*

   a. I believe that the defendant will not appear in court in response to a criminal summons because:

   b. I believe that the defendant poses:

      1. A danger to a crime victim because:
         OR
      2. A danger to the community or to any other person because:

5. The defendant has been arrested as of 09/28/20 10:00

Printed Name:   Dep. Elijah Scheel
                Phelps County Sheriff Department

                              Signature:   E Schl 237
                              09/28/20 18:11:59

ELIJAH SCHEEL AND OTHER OFFICERS ALLOWED HIM TO SHOOT ME AND FAILED TO INTERVENE WHICH COULD HAVE PREVENTED SUCH ACTIONS.

1983.37 § CRAWFORD V. CITY OF KANSAS CITY 952. SUPP. 1467 (D. KAN. 1997)

LANIGAN V. VILLAGE OF EAST HAZEL CREST 110 F. 3d 467 (7th CR. 1997)

SAMUELS V. LEFERVE, 885 F. SUPP. 32 (N.D.N.Y. 1995)

### III. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I SUSTAINED A WOUND TO MY RIGHT SHOULDER SINCE BEING HERE AT THE PHELPS COUNTY JAIL I HAVE RECEIVED NO THERAPY AND LITTLE IF NO MEDICAL ATTENTION. EVEN BEING CHARGED FOR SEEING MEDICAL FOR MY INJURIES.

4

## IV. Relief

State briefly and precisely what you want the Court to do for you. Do not make legal arguments. Do not cite any cases or statutes. If you are requesting money damages, include the amounts of any actual damages and/or punitive damages you are claiming. Explain why you believe you are entitled to recover those damages. I WANT ALL MEDICAL EXPENSES PAID FOR AND COMPENSATION FOR PTS AND MENTAL AND PHYSICAL DEBILITIES INCOURED BY THIS. (MEDICAL EXPENSES INCLUDED SEE ATTATCHED PAPER.)

## V. Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

    A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

        [ ] Yes      [X] No

If yes, name the jail, prison or other correctional facility where you were confined at the time of the events giving rise to your claim(s):

N/A

    B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        [X] Yes      [ ] No      [ ] Do not know

    C. If yes, does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claims?

        [ ] Yes      [X] No      [ ] Do not know

5

If yes, which claim(s)?

N/A

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes    ☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes    ☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

ON THE INSTITUTIONAL KIOSK

2. What did you claim in your grievance? (*Attach a copy of your grievance, if available*) SHOULDER PAIN, NECK PAIN

3. What was the result, if any? (*Attach a copy of any written response to your grievance, if available*)

GAVE ME TYLENOL.

6

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*)

It GOES TO THE JAIL ADDMINISTRTOR AND YES FROM THERE IT WAS COMPLETE.

F. If you did not file a grievance: N/A

1. If there are any reasons why you did not file a grievance, state them here:

N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

## VI. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    A.    To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

        ☐ Yes        ☒ No

If yes, state which court dismissed your case and when it was dismissed. Attach a copy of the court's order, if possible.

N/A

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

        ☐ Yes        ☒ No

    B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.    Parties to the previous lawsuit

        Plaintiff _____ N/A _____

        Defendant(s) _____

    2.    Court *(if federal court, name the district; if state court, name the state and county)*

N/A

    3.    Docket or case number ____—_____

    4.    Name of Judge assigned to your case ____—_____

8

5. Approximate date of filing lawsuit ———

6. Is the case still pending?

   ☐ Yes      N/A

   ☐ No  (*If no, give the approximate date of disposition*):_____

7. What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

   ☐ Yes      ☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below: (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1. Parties to the previous lawsuit

   Plaintiff _____ N/A _____

   Defendant(s) ——

2. Court (*if federal court, name the district; if state court, name the state and county*)

   N/A

3. Docket or case number ——

4. Name of Judge assigned to your case ——

5. Approximate date of filing lawsuit ——

9

6.  Is the case still pending?

    ☐ Yes                    N/A

    ☐ No (*If no, give the approximate date of disposition*):_____

7.  What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

    N/A

## VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 15TH day of MARCH, 20 21.

Signature of Plaintiff   *William G. Sparks*

10