# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GREGORY SPARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00356-RLW |
| | ) | |
| JARON RATLIFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff William Gregory Sparks for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $84.20. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his inmate account statement. (Docket No. 3). The account statement shows total deposits of $2,526 and an average monthly deposit of $421. The Court will therefore assess an initial partial filing fee of $84.20, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Fulton Reception and Diagnostic Center in Fulton, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming law enforcement officers Jaron Ratliff and Elijah Scheel as defendants. (Docket No. 1 at 2-3). Both are sued in their official capacities only. The complaint concerns the alleged use of excessive force against plaintiff when he was arrested.

In the "Statement of Claim," plaintiff asserts that on September 28, 2020, at 9:01 a.m., he "was shot in the back by Officer Jaron Ratliff while unarmed." (Docket No. 1 at 3). As a result of the gunshot wound, he suffered a broken clavicle and "trauma to [his] right shoulder." Plaintiff states that the shooting occurred in Phelps County, Missouri. Aside from Officer Ratliff shooting him, plaintiff asserts that Officer Scheel failed to intervene. (Docket No. 1 at 7).

Beyond stating that he was shot while unarmed, plaintiff provides no further allegations providing context for this incident. Instead, he references the "probable cause statement" which is attached to the complaint. The Court will treat this attachment as part of the pleadings. *See* Fed.

3

R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

According to the probable cause statement, authored by Officer Scheel, Scheel was dispatched to a burglary in progress on September 28, 2020. (Docket No. 1 at 4). Officer Scheel encountered plaintiff's vehicle on a dead-end street, driving in reverse. He activated his emergency lights and stopped in the roadway, but plaintiff approached at a high rate of speed, forcing Officer Scheel to maneuver out of the way.

Officer Scheel subsequently gave chase to plaintiff. During this vehicular pursuit, plaintiff exceeded speeds of 100 miles-per-hour, narrowly avoided crashing into other vehicles, and placed other motorists at risk. At one point, plaintiff turned his vehicle into a private drive and "began driving through yards" in order to escape. (Docket No. 1 at 6).

The pursuit only ended when plaintiff turned into a private driveway and stopped so suddenly that a patrol car driven by Sergeant Scott crashed into him. Plaintiff exited the vehicle, pointed a handgun at Sergeant Scott, then "fled into a field."

Officer Scheel identified himself as a member of the Phelps County Sheriff's Department and ordered plaintiff to stop. Nevertheless, plaintiff continued to flee, and Officer Scheel gave chase. Officer Ratliff joined Officer Scheel in the foot pursuit.

Eventually, plaintiff "took a shooter['s] stance and brandished an object that [Officer Scheel] believed to be a firearm." Officer Ratliff fired a single shot, striking plaintiff "in the rear right shoulder." The firearm that was purportedly pointed at Sergeant Scott was not found. Plaintiff

4

was ultimately charged with first degree assault or attempt, second degree burglary, felony resisting arrest by fleeing, felony resisting arrest, and unlawful use of a weapon.[1]

After he filed the complaint, plaintiff submitted an additional 62-page exhibit consisting of a report compiled by the Missouri State Highway Patrol. (Docket No. 5-1). The exhibit adds additional details to the probable cause statement. For instance, an inventory list indicates that an A-15 rifle and a stolen Sig Sauer pistol were recovered from plaintiff's vehicle. (Docket No. 5-1 at 1, 6). Further, Officer Dacey of the St. Louis County Police Department saw plaintiff take a "shooting stance" behind three small trees, "and then stick his arms out and start going back and forth." (Docket No. 1 at 2). Later, this same officer heard plaintiff state that he did not have a weapon, but was trying to "buffalo the officers" into believing he had one. Similarly, Sergeant Crivello of the Phelps County Sheriff's Office heard plaintiff saying "I pointed my finger, I didn't have a gun." (Docket No. 5-1 at 3). Plaintiff also apparently gave an interview in which he admitted turning toward officers, raising his hand, and squaring up as though he had a weapon, all in an attempt to escape. (Docket No. 5-1 at 6).

As a result of this incident, plaintiff seeks to have all his medical expenses paid. (Docket No. 1 at 8). He also requests compensation for PTSD "and mental and physical debilities."

## Discussion

Plaintiff brings this 42 U.S.C. § 1983 action against Officer Ratliff and Officer Scheel for excessive force and failure to intervene under the Fourth Amendment. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's

---

[1] Plaintiff's state criminal case is *State of Missouri v. Sparks*, No. 20PH-CR01071-01 (25th Jud. Cir., Phelps County). The matter is still pending.

complaint is subject to dismissal. However, the Court will give him the opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is subject to dismissal because he has sued both defendants in their official capacities only, but has not presented facts to support an official capacity claim.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, both Officer Ratliff and Officer Scheel are alleged to be employees of the Phelps County Sheriff's Department. As such, the official capacity claims against them are actually claims against Phelps County itself, their employer.

A local governing body such as Phelps County can be sued under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

In this case, plaintiff has not presented any facts showing that his constitutional rights were violated due to a policy, custom, or failure to train on the part of Phelps County. To the contrary,

his allegations, such as they are, focus entirely on the actions of the officers involved. To the extent that plaintiff seeks to hold Phelps County liable merely because it employed Officer Ratliff and Officer Scheel, the Court notes that respondeat superior is not available in a 28 U.S.C. § 1983 action.

Even if plaintiff had sued Officers Ratliff and Scheel in an individual capacity – which he has not – his complaint still fails to state a claim. "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

Here, plaintiff states only that he was "shot in the back by" Officer Ratliff, and that Officer Scheel did not intervene. Plaintiff provides no further facts to establish the context in which this incident occurred. Rather, in making this allegation, he appears to rest on the premise that Officer Ratliff's use of potentially deadly force is a per se violation of the U.S Constitution. However, deadly force may be reasonable "if an officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or others." *Thompson v. Dill*, 930 F.3d 1008,

1013 (8th Cir. 2019). This is true even if the officer's objectively reasonable belief turns out to be "based on a mistaken perception or belief." *Loch v. City of Litchfield*, 689 F.3d 961, 966 (8th Cir. 2012). Even if a suspect is found to be unarmed, an officer can still employ deadly force if it is objectively reasonable. *Billingsley v. City of Omaha*, 277 F.3d 990, 995 (8th Cir. 2002).

Further, the exhibits that plaintiff submitted to the Court tend to militate against the conclusion that Officer Ratliff acted unreasonably. Specifically, the reports state that plaintiff was involved in a high speed chase; he was attempting to flee; he flourished a handgun at officers; he ignored directives to stop and surrender; and he was actively pretending he had a gun in order to dissuade officers from following him. The exhibits appear to demonstrate that plaintiff was shot while trying to convince officers he represented a danger to them, and the officers involved reacted to that threat.

In short, plaintiff's bare allegation that he was shot – without more – does not establish that the force used against him was unreasonable. Moreover, plaintiff's heavy reliance on the attached reports to make his claim for him is unavailing. As plaintiff has not established that his constitutional rights were violated when he was shot by Officer Ratliff, it follows that he has likewise failed to show Officer Scheel is liable for failing to intervene. For all these reasons, even if plaintiff had sued defendants in their individual capacities, the complaint would be subject to dismissal.

Because plaintiff is proceeding as a self-represented litigant, and has presented a serious allegation to the Court, he will be allowed to amend his complaint according to the instructions set forth below.

B. **Amendment Instructions**

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety, and he must sign it.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link

9

to, and direct responsibility for, the deprivation of rights"). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). For example, plaintiff cannot simply state that excessive force was used against him. Instead, he must provide factual allegations demonstrating that the force applied during his arrest was unreasonable under the circumstances.

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, so that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that any claims or parties that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.

Plaintiff will be given **thirty (30) days** in which to file an amended complaint on a Court-provided form according to the instructions set forth above. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim … and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Particularly, the Court is not convinced that plaintiff has stated a non-frivolous claim, and has directed plaintiff to file an amended complaint. The Court will consider any future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $84.20 by **September 20, 2021**.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions set forth above, by **September 20, 2021**.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial filing fee and file an amended complaint on the Court-provided form in accordance with the instructions set forth above by **September 20, 2021**, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 19th day of August, 2021.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**