**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM GREGORY SPARKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-356 RLW |
| JARON RATLIFF, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff William Gregory Sparks's amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss the official capacity claims, and the individual capacity claim against Officer Elijah Scheel. The Court will direct the Clerk of Court to issue process on Officer Jaron Ratliff in his individual capacity as to plaintiff's claim of excessive force.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even complaints filed by self-represented persons are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a complaint filed by a self-represented person the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant currently incarcerated at the Fulton Reception and Diagnostic Center in Fulton, Missouri. On March 22, 2021, he filed a civil action pursuant to 42 U.S.C. § 1983, naming law enforcement officers Jaron Ratliff and Elijah Scheel as defendants. (Docket No. 1). Both were sued in their official capacities only. In the complaint, plaintiff accused defendants of using excessive force against him when he was arrested. Specifically, plaintiff alleged that Officer Ratliff shot him in the back while plaintiff was unarmed, and that Officer Scheel failed to intervene.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). On August 19, 2021, the Court granted the motion and assessed an initial partial filing fee. (Docket No. 8). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was subject to dismissal. In particular, plaintiff had sued defendants in their official capacities only but had not presented any allegations against their respective employers, the City of Rolla for Officer Ratliff, and Phelps County for Officer Scheel. Even if plaintiff had sued the defendants in their individual capacities, the Court stated he had not provided enough factual context to demonstrate that Officer Ratliff's use of force was unreasonable.

Rather than dismissing, the Court directed plaintiff to file an amended complaint. He was sent a copy of the Court's prisoner civil rights form, and given instructions on how to amend. Plaintiff submitted an amended complaint on August 30, 2021. (Docket No. 9).

## The Amended Complaint

Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983, and names Jaron Ratliff, a police officer for the City of Rolla, and Elijah Scheel, an officer of the Phelps County Sheriff's Department, as defendants. (Docket No. 9 at 2-3). The defendants are sued in both their official and individual capacities. As before, plaintiff alleges that Officer Ratliff used excessive force against him during his arrest, and that Officer Scheel failed to intervene.

In the "Statement of Claim," plaintiff asserts that on September 28, 2020, in Phelps County, Missouri, Officer Ratliff shot him in the back while he was fleeing from police. (Docket No. 9 at 3). Plaintiff states that he was unarmed, no weapons were found, and he was not threatening anyone. (Docket No. 9 at 3-4). Plaintiff also claims that the defendants, along with other unnamed officers, "lied to cover" their actions. (Docket No. 9 at 4). These lies included the assertion that

3

plaintiff had a "stick in [his] hands." With regard to Officer Scheel, he claims that Scheel "failed to [intervene] knowing [plaintiff] was unarmed."

As a result of the gunshot wound, plaintiff suffered a right shoulder injury and a broken clavicle. (Docket No. 9 at 3). He states that he still suffers from "shoulder [and] neck trauma." (Docket No. 9 at 4). Plaintiff seeks to have all his medical bills paid, and to receive unspecified "payment for PTSD and other physical debilities." (Docket No. 9 at 5).

## Discussion

Plaintiff alleges that Officer Ratliff used excessive force against him, and that Officer Scheel failed to intervene. Because plaintiff is proceeding in forma pauperis, the Court reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the official capacity claims against both defendants, as well as the individual capacity claim against Officer Scheel. The Court will direct the Clerk of Court to issue process on Officer Ratliff in his individual capacity as to plaintiff's claim of excessive force.

### A. Official Capacity Claims

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and

4

*Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Officer Ratliff is alleged to be a police officer for the City of Rolla, and Officer Scheel is alleged to be employed by the Phelps County Sheriff's Department. As stated above, the official capacity claims against them are actually claims against their employers, the City of Rolla and Phelps County, respectively.

Local governing bodies such as the City of Rolla and Phelps County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality . . . cannot be liable on a respondeat superior theory"). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of Rolla and Phelps County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*,

486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging

6

a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). At a minimum, however, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

In this case, plaintiff has not presented facts supporting the proposition that either the City of Rolla or Phelps County had an unconstitutional policy or custom, or was deliberately indifferent in failing to train or supervise its employees.

With regard to policy, plaintiff has not pointed to any "policy statement, ordinance, regulation, or" official decision by either the City of Rolla or Phelps County as being at issue in this case. Certainly, he has not alleged that his rights were violated due to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Instead, plaintiff focuses on the individual actions of Officer Ratliff and Officer Scheel on a single occasion. The Court cannot infer the existence of an unconstitutional policy or custom from one occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

As to an unconstitutional custom, plaintiff has not presented allegations regarding the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct" among City of Rolla and Phelps County employees, much less that policymaking officials have been deliberately indifferent to or tacitly authorized such misconduct. Rather than a "persistent pattern," plaintiff has described a single occurrence of excessive force that he experienced. The Court, as previously noted, cannot infer the existence of an unconstitutional custom from one occurrence.

Likewise, plaintiff has failed to establish that either the City of Rolla or Phelps County was deliberately indifferent in failing to train or supervise its employees. To demonstrate deliberate indifference, plaintiff must prove that the City of Rolla and Phelps County "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights," which is typically done by alleging a "pattern of similar constitutional violations by untrained employees." As previously discussed, plaintiff has not presented facts showing a pattern of unconstitutional violations, but is focused on a single incident of purported excessive force taking place on September 28, 2020. One occurrence cannot establish a pattern.

To the extent that plaintiff seeks to hold the City of Rolla and Phelps County liable for the actions of its employees, Ratliff and Scheel, the Court observes that respondeat superior is not available in 42 U.S.C. § 1983 actions against municipalities. *See A.H.*, 891 F.3d at 728.

For all these reasons, plaintiff has failed to state a claim against the City of Rolla and Phelps County. Therefore, the official capacity claims against Officer Ratliff and Officer Scheel must be dismissed. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**B. Individual Capacity Claim Against Officer Scheel**

Plaintiff has sued Officer Scheel in an individual capacity, alleging that Scheel failed to intervene to stop Officer Ratliff from shooting him, even though Scheel knew plaintiff was unarmed. Because this event took place in the context of law enforcement's attempt to arrest plaintiff, it is analyzed under the Fourth Amendment, which guards "against unreasonable searches and seizures."

Under the Fourth Amendment, a police officer may be held liable for failing to intervene to prevent the unconstitutional use of force by another officer. *Nance v. Sammis*, 586 F.3d 604,

612 (8th Cir. 2009). "To establish a failure to intervene claim, however, the plaintiff must show that the officer observed or had reason to know that excessive force would be or was being used." *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015). *See also Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009) (explaining that police officer had duty to intervene to prevent the excessive use of force where the officer was aware of the abuse and the duration of the episode was sufficient to permit an inference of tacit collaboration); and *White*, 865 F.3d at 1081 (stating that in Fourth Amendment excessive force context, a police officer may be liable for failing to intervene "where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration").

In this case, the only allegations against Officer Scheel amount to plaintiff's assertions that "Scheel and others allowed [Officer Ratliff] to use excessive force," and that "Officer Scheel[,] among other officers[,] failed to [intervene] knowing [plaintiff] was unarmed." This is insufficient to state a claim of failure to intervene under the Fourth Amendment. First, there are no facts demonstrating that Officer Scheel knew or should have known excessive force was about to be used. That is, plaintiff does not provide factual allegations regarding what Officer Scheel observed or heard that would have made him aware that Officer Ratliff was going to shoot plaintiff. Second, even if the Court were to assume such knowledge on Officer Scheel's part, there are no facts demonstrating a sufficient duration of time for Scheel to intervene; that Scheel was close enough to intervene; or that such intervention was possible, considering the fluidity of a situation in which plaintiff admits he was fleeing from law enforcement. In other words, plaintiff's bare and conclusory contention that Officer Scheel failed to intervene does not support "an inference of tacit collaboration" between himself and Officer Ratliff.

Instead of presenting facts, and despite being given the opportunity to amend his complaint, plaintiff has merely presented a cause of action, which is insufficient – without more – to state a

9

claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Therefore, plaintiff's individual capacity claim against Officer Scheel must be dismissed.

### C. Individual Capacity Claim Against Officer Ratliff

Plaintiff has sued Officer Ratliff in an individual capacity, alleging that Ratliff shot plaintiff in the back while plaintiff fled law enforcement. As stated above, because the allegedly wrongful shooting took place during an attempt to arrest plaintiff, it is analyzed under the Fourth Amendment.

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003). The "apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment." *Tennessee v. Garner*, 471 U.S. 1, 7 (1985).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness

of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

Plaintiff has alleged the use of potentially deadly force against him. "[I]t is not constitutionally unreasonable to use deadly force if an officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or others." *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019). This is true even if the officer's objectively reasonable belief turns out to be "based on a mistaken perception or belief." *Loch v. City of Litchfield*, 689 F.3d 961, 966 (8th Cir. 2012). Even if a suspect is found to be unarmed, an officer can still employ deadly force if it is objectively reasonable. *Billingsley v. City of Omaha*, 277 F.3d 990, 995 (8th Cir. 2002). On the other hand, if "the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so." *Garner*, 471 U.S. at 11.

In this case, plaintiff alleges that he was fleeing from police when he was shot in the back by Officer Ratliff. He states that he was unarmed, a point he reiterates by noting that no weapon was found. Plaintiff also alleges that he was not threatening anyone. He further contends that law enforcement lied about him having "a stick in [his] hands," which is a detail included in the law enforcement reports that he previously submitted as exhibits. The Court must accept these allegations as true and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cnty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). In addition, when evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Court will direct the Clerk of

Court to issue process on Officer Ratliff in his individual capacity as to plaintiff's claim of excessive force.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims against defendants Jaron Ratliff and Elijah Scheel are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's individual capacity claim against defendant Elijah Scheel is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Jaron Ratliff in his individual capacity as to plaintiff's claim of excessive force.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

A separate order of partial dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of January, 2022.